J. S57005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CARROLL IRVIN BLACKWELL, | : | No. 758 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 28, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0000235-1996

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:    FILED: July 28, 2016

Carroll Irvin Blackwell appeals, ***pro se***, from the order of April 28, 2015, dismissing his serial PCRA[1] petition without a hearing.  We affirm.

Following a jury trial, appellant was found guilty of first-degree murder and was sentenced on January 14, 1997, to a mandatory term of life imprisonment.  Appellant filed a timely direct appeal, and this court affirmed the judgment of sentence on September 8, 1998.  On January 14, 1999, our supreme court denied appellant's petition for allowance of appeal.  Appellant did not file a petition for writ of ***certiorari*** with the United States Supreme Court.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

A timely PCRA petition was filed on February 4, 2000, and dismissed on December 17, 2004.  This court affirmed on February 6, 2007, and our supreme court denied appellant's petition for allowance of appeal on July 3, 2007.

On July 19, 2013, appellant filed the instant petition, claiming that his sentence of life imprisonment without the possibility of parole is unconstitutional pursuant to **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).  Appellant's petition was dismissed on April 28, 2015, and this timely appeal followed.  Appellant complied with Pa.R.A.P. 1925(b), and the PCRA court filed a Rule 1925(a) opinion.

Appellant's judgment of sentence became final for PCRA purposes on or about April 14, 1999, when the 90-day period for seeking discretionary review in the United States Supreme Court expired.  As such, the instant petition is manifestly untimely unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.  Appellant claims that his sentence is unconstitutional as violative of the Eighth Amendment under **Miller** and **Batts**.  However, **Miller** and **Batts** apply only to juvenile offenders; appellant was 34 years old at the time he committed the murder.

Order affirmed.

J. S57005/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2016